The complaint·is accordingly dismissed.

**In re CORD-WAY PRODUCTS, Inc.**

No. 47248.

United States District Court
E. D. New York.

July 14, 1948.

Isaac Anolic, of New York City, for A. & A. Storage Warehouses, Inc.

Nathan B. Fogelson and Emanuel M. Gewertz, both of New York City (Nathan B. Fogelson, of New York City, of counsel), for trustee.

Booth, Lipton & Lipton, of New York City (Harold A. Lipton, of New York City, of counsel), for Federal Seat Corporation.

KENNEDY, District Judge.

The trustee in bankruptcy of Cord-Way Products, Inc. has filed this motion to overrule certain petitions to review, and to affirm an order of the official referee in bankruptcy made on May 3, 1948. The petitions to review were filed by Federal Seat Corporation (Federal) and A. & A. Storage Warehouses, Inc. (Storage). Federal urges that the referee erroneously decided questions of "law" against it, and Storage complains that the referee wrongly deprived it of a warehouseman's lien against the assets of the estate.

On August 1, 1947, the bankrupt transferred to Federal the unexpired term of a certain lease to premises in Long Island City, New York. On August 18, 1947, the bankrupt assigned for the benefit of creditors to the New York Credit Men's Adjustment Bureau, Inc. On the same day Federal arranged for the removal of the bankrupt's property to the premises of Storage, which removal was completed on August 22, 1947. On August 23, 1947, a petition in bankruptcy was filed; a receiver was appointed on August 25, 1947, and qualified on that day.

The key findings made by the referee, and concerning which Federal complains, are (1) that the removal and storage of the property of the bankrupt was not for its preservation and protection, and did not benefit the bankrupt estate; (2) that the assignee in bankruptcy never exercised dominion and control over the removed property; (3) that the assignee did not participate in or authorize the removal; (4) that Federal had no authority to remove and store the bankrupt's property; and (5) that the receiver did not exercise dominion and control over the removed property. The order which was based upon these findings denies both to Federal and to Storage any lien against the assets of the estate, and (both Storage and Federal having voluntarily appeared in the proceedings before the referee) the order further directs that Federal pay warehouse charges in the amount of $2,160.23 with interest from October 4, 1947, to Storage.

I think that the resumé I have given makes it clear that Federal is actually seeking to reverse findings of fact made by the referee, which findings were all supported by substantial evidence. Conceding that my duty ends unless the referee's findings are clearly erroneous, Federal now characterizes the five items which I have mentioned above as "conclusions of law". But this will not do. It is obvious that they are nothing of the kind, but ultimate facts —inferences of fact based upon and justified by the story of the transaction as it was recounted in the record before the referee.

 And those same facts lead inevitably to the conclusion that Storage should be given no lien against the bankrupt estate. It must, as the referee has found, look to Federal for payment.

No one has said anything before me concerning the referee's jurisdiction over Storage's cross-claim, as the parties have called it. It does relate to and arise from custody of the bankrupt's property, and both Federal and Storage expressly subjected themselves to the referee's summary jurisdiction.

But once the referee had found that neither Federal nor Storage had any lien against the property of the bankrupt estate, the proceedings before him were translated into a litigation between strangers to the bankrupt estate over a simple claim in personam. This resulted in a provision in the order under review directing a judgment in favor of Storage and against Federal. There was no diversity of citizenship between these parties, and a plenary suit between them would have been beyond the jurisdiction of the district court. The claim was surely not "ancillary" to any proceeding or suit in bankruptcy: the referee has held, and properly so, that neither of the parties has a lien against the assets in the estate of the bankrupt, and nobody on the part of the estate ever asserted a claim against them. It, therefore, occurred to me after the argument that there was a grave doubt about the referee's jurisdiction to provide for a judgment in favor of one stranger to the estate against another, and mea sponte I invited counsel to submit authorities on the point, because neither before the referee nor before me was the jurisdictional question mentioned.

Counsel for Storage, in whose favor the judgment runs, argues that there was jurisdiction over the so-called cross-claim (1) because both Federal and Storage "consented" to submit their controversy to the referee, and (2) because in O'Grady v. Chautauqua Builders' Supply, D.C.W.D. N.Y., 1929, 33 F.2d 957, Judge Hazel appears to have adjudicated a controversy between two strangers to the estate of the bankrupt, after dismissing the trustee's claim of a preferential transfer.

 It is idle to talk about conferring jurisdiction upon a Federal court, or any branch of it by consent, or to cite cases where the jurisdictional point was neither

raised nor noticed by the court. Parties may consent to a particular form of procedure in the Federal court, such as the summary jurisdiction of the bankruptcy court. But consent to a particular form of trial is in vain where, as here, jurisdiction (in the sense of the power to decide a controversy) was totally lacking.

The jurisdictional point *was* raised in Judge Hazel's case, and he seems to have thought that he had the power to proceed because one of the litigants had agreed to deposit in a certain bank the proceeds of the sale of the merchandise which was claimed to be subject to the lien. The explanation of the decision, therefore, may be that Judge Hazel was treating the litigation as a suit in rem. Here there is no fund in the custody of the court subject to the claim· of either Federal or Storage. Jurisdiction over the claim was plainly wanting.

The referee's order of May 3, 1948, is modified; the direction for a judgment in favor of Storage against Federal is annulled, together with the findings of fact and conclusions of law which deal with the controversy between these two parties. Storage is relegated to its suit in the City Court of the City of New York, which I understand is and has for some time been pending. In other respects the order of the referee is affirmed.

Submit order.